UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

R.G.C. and L.T.S., individually and on behalf of L.S.,

        *Plaintiffs,*          Case No.

        v.          **COMPLAINT**

NEW YORK CITY DEPARTMENT OF EDUCATION,

        *Defendant.*
———————————————————————X

    Plaintiffs, by their attorney, Michele Kule-Korgood of Kule-Korgood & Assoc., P.C., respectfully move this Court for an award of attorneys' fees associated with their prosecution of an impartial hearing under the Individuals with Disabilities Education Act, 20 U.S.C. § 1415(i)(3)(B). Plaintiffs, for their complaint, set forth and hereby allege that:

1. This is an action brought pursuant to the fee-shifting provisions of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504").

2. At all times herein mentioned, the Plaintiffs have resided with L.S. within the New York City Department of Education school district in the County of Queens, State of New York.

3. At all times herein mentioned, L.S. was a child with a disability as defined by IDEA, 20 U.S.C. §1401(3)(A).

4. L.S. was classified under the IDEA as a child with an orthopedic impairment. L.S. is diagnosed with bilateral periventricular T2 hyperintensity with white matter volume loss consistent with periventricular leukomalacia.

5. L.S. is an individual with a disability as defined by Section 504, 29 U.S.C. § 794.

6. R.G.C. (also known as R.S.) and L.T.S. are the parents of L.S. as defined by IDEA 20 U.S.C. §1401(23).

7. Defendant New York City Department of Education ("NYC DOE") is a local educational agency ("LEA") as defined by IDEA 20 U.S.C. §1401(19), and, as such, is obligated to provide educational and related programs and services to its student in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder. The NYC DOE is a recipient of federal assistance. The NYC DOE is a branch of the principal government in New York City, with its principal place of business at 52 Chambers Street, New York, New York, 10007.

## JURISDICTION AND VENUE

8. Jurisdiction is predicated upon 28 U.S.C. § 1331, which provides the district courts with original jurisdiction over all civil actions arising under the laws of the United States, and upon the fee-shifting provision of the IDEA, 20 U.S.C. §1415(i)(3)(A), which provides that the district courts of the United States shall have jurisdiction of actions brought under section 1415(i)(3) without regard to the amount in controversy, and upon Section 504, 29 U.S.C. § 794.

9. Venue is properly predicated upon 28 U.S.C. §1391(b)(1) for this Court.

## STATUTORY AND REGULATORY FRAMEWORK

10. The IDEA seeks to "ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for employment and independent living." 20 U.S.C. § 1400(d)(1)(A). To this end, local educational agencies must annually develop an "individualized education program" ("IEP") designed to address each child's unique needs. 20 U.S.C. §§ 1412(a)(4) and 1414(d)(2)(A)."A parent or school district may file a due process complaint with respect to any matter relating to the identification, evaluation or educational placement of a student with a disability, or a student suspected of having a disability, or the provision of a free appropriate public education to such student." 8 NYCRR §200.5(i)(1) *See* also 20 U.S.C. § 1415(B)(6)(a).   Parents who are the "prevailing party" in an impartial hearing or its appeal are entitled to payment of their reasonable legal fees pursuant to 20 U.S.C. Section § 1415(i)(3)(B).

## FACTUAL BACKGROUND

11. On August 3, 2018, Plaintiffs R.G.C. and L.T.S. initiated an impartial due process hearing on behalf of their child L.S. by filing a Due Process Complaint, alleging denial of a free appropriate public education ("FAPE") under the IDEA and Section 504 for the 2018/2019 school year and seeking various relief (including the assertion of L.S.' right to remain in her last agreed upon placement while the proceedings were pending).

12. This case was assigned Impartial Hearing Office Case Number 175517.

13. Daniel Ajello, Esq., a New York State Certified Impartial Hearing Officer ("IHO"), was appointed by Defendant to serve as the Impartial Hearing Officer in this matter.

14. As of the September 5, 2018 start of the 2018-2019 school year, Defendant had not arranged for L.S. to continue in her last agreed upon placement.

15. An impartial due process hearing was held for R.G.C., L.T.S. and L.S. on September 6, 2018 and October 1, 2018.

16. On September 12, 2018, after convening an impartial hearing to determine L.S.'s last agreed upon placement, the New York City Department of Education's Impartial Hearing Office issued IHO Ajello's Order in favor of the parent, identifying L.S.' last agreed upon placement as that proffered by L.S.' parents, and ordering Defendant to provide such placement for L.S. retroactive to August 30, 2018. Defendant did not immediately comply with this Order, incurring further work and time spent. (A copy of the IHO's September 2018 Order is annexed hereto as Exhibit A.) On October 4, 2018, the New York City Department of Education's Impartial Hearing Office issued IHO Ajello's Order of Termination, concluding the proceeding. (A copy of the IHO's October 2018 Order is annexed hereto as Exhibit B.)

## FIRST CAUSE OF ACTION

17. Plaintiffs repeat and reallege paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18. Plaintiffs R.G.C. and L.T.S. initiated an impartial hearing on behalf of L.S.

19. Plaintiffs R.G.C. and L.T.S. prevailed at the impartial hearing by obtaining an Order from the IHO that ordered relief demanded in Plaintiffs' due process complaint.

20. Plaintiffs R.G.C. and L.T.S., by reason of the foregoing, have obtained substantial relief, and they are the "prevailing party" entitled to payment of their reasonable legal fees and costs pursuant to 20 U.S.C. § 1415(i)(3).

## SECOND CAUSE OF ACTION

21. Plaintiffs repeat and reallege paragraphs 1 through 20 of this Complaint with the same force and effect as if fully set forth herein.

22. Section 504 and its implementing regulations provide that "no otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a); *see also* 34 C.F.R. § 104.4(a).

23. Defendant NYC DOE receives federal funding and is therefore subject to the obligations of Section 504.

24. L.S. is an individual with a disability as defined by Section 504.

25. Plaintiffs filed the Due Process Complaint pursuant to Section 504 because of the Defendant's failure to provide L.S. a FAPE.

26. The due process hearing resulted in an order granting relief that Plaintiffs sought at the hearing.

27. Plaintiffs are a prevailing party for purposes of the fee-shifting provisions of Section 504.

28. As a prevailing party, Plaintiffs are entitled to an award of reasonable attorneys' fees and costs associated with enforcing their child's rights under Section 504; such fees and costs include, but are not limited to, the fees and costs associated with enforcing the obligation of the NYC DOE to not discriminate against students with disabilities and to pay attorneys' fees and costs to Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Court:

(1) Assume jurisdiction over this action;

(2) Accept and review the administrative record as necessary and appropriate;

(3) Take such additional evidence as it determines as necessary and proper;

(4) Award to Plaintiffs R.G.C. and L.T.S. their costs, expenses, and attorneys' fees for the administrative proceedings in the matter of L.S. (Impartial Hearing # 164209) pursuant to 20 U.S.C. § 1415 and Section 504;

(5) Award to Plaintiffs costs, expenses, and attorney's fees of this action pursuant to 20 U.S.C. § 1415 and Section 504; and

(6) Grant such other relief as the Court deems just and proper.

Dated: Queens, New York
September 3, 2021

Respectfully submitted,

s/ Michele Kule-Korgood
KULE-KORGOOD & ASSOCIATES
Michele Kule-Korgood, Esq. of counsel
118-35 Queens Boulevard, 17th floor
Forest Hills, New York 11375
Tel: (718) 261-0181
Fax: (718) 268-2633
*Attorneys for Plaintiffs*